UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBRA McHENRY | * | CIVIL ACTION |
| VERSUS | * | NO. 22-1581 DIV. (2) |
| KEAN MILLER LLP | * | MAG. JUDGE CURRAULT |

**ORDER AND REASONS**

Before me is a Motion to Dismiss for Failure to State a Claim filed by Defendant Kean Miller LLP ("Kean Miller"). ECF No. 7. This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 12. Plaintiff Debra McHenry timely filed an Opposition Memorandum (ECF No. 15), and Kean Miller filed a Reply Memorandum (ECF No. 16). No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Kean Miller's motion is DENIED for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Debra McHenry worked as a file clerk at Kean Miller. ECF No. 1, at 10. She filed an EEOC charge on September 28, 2021. *Id.* ¶ IV(A), at 7. Plaintiff further alleges that she received a right to sue notice on March 1, 2022 (*id.* ¶ IV(B)), and she attaches a copy of the EEOC's determination notice dated March 1, 2022 (*id.* at 8-9). The EEOC's determination notice reads, in pertinent part:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the

date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.[1]

Plaintiff filed this *pro se* employment discrimination suit on June 1, 2022, asserting a Title VII claim alleging unequal terms and conditions of employment, retaliation and discrimination based on race. ECF No. 1, ¶ II, ¶ III(A), (D). Plaintiff indicates the alleged misconduct occurred from March 13, 2020 through her resignation on July 27, 2021. *Id.* ¶ III(B), at 10.

## II.  ARGUMENTS ON MOTION TO DISMISS

Defendant now moves to dismiss Plaintiff's Title VII claim as time-barred because Plaintiff failed to file suit within 90 days of receipt of the EEOC's Determination and Notice of Right dated March 1, 2022. ECF No. 7-1, at 2. Distinguishing cases in which the Fifth Circuit has allowed a grace period because the date of receipt of the EEOC's determination notice is unknown, Defendant cites to the Complaint's allegation that Plaintiff received the EEOC's determination notice on March 1, 2022. *Id.* at 3 & n.1. Arguing that the 90-day limitation period must be strictly construed and that Rule 12(b)(6) requires the Court to accept Plaintiff's allegation as to her date of receipt as true, Defendant argues that Plaintiff's June 1, 2022 suit is untimely because it was filed 92 days after the June 1, 2022 receipt date. *Id.* at 3.

In response to Defendant's Motion to Dismiss, Plaintiff argues that certain legal holidays must be excluded from the date count and that she can establish excusable neglect. Specifically, she asserts that the 90-day deadline fell on Memorial Day and that delivery of the EEOC's determination notice was delayed. ECF No. 15, at 1-2. Plaintiff argues that her reference to "receipt" of the EEOC's determination notice on March 1, 2022 was meant to reflect the date of that notice, but the EEOC system was having issues that resulted in the EEOC's delayed upload

---

[1] ECF No. 1, at 8 (emphasis in original).

of the notice to its website, resulting in email notice of the determination being sent to her on March 16, 2022. *Id.* at 3; *see also* ECF No. 15-1, at 1 (EEOC email dated Mar 16, 3:58 PM notifying Plaintiff of new document added to her charge); ECF No. 15-1 at 2-3 (attaching March 16, 2022 email from EEOC investigator Wayne Morgan indicating 2022-03-01 NRTS attached). In addition, citing Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff argues that the deadline should be extended due to excusable neglect. ECF No. 15, at 3.

In Reply, Kean Miller argues that the Court must limit itself to the pleadings and its attachments in deciding a Rule 12(b)(6) motion. ECF No. 16, at 1. It repeats its earlier authority and arguments that the 90-day limitation period is strictly construed and Plaintiff's allegation that she received the EEOC determination notice on June 1, 2022. On that basis, it argues that this Court must dismiss the complaint as time-barred. *Id.* at 2-3.

### III.   LAW AND ANALYSIS

#### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[2] Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[3]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative

---

[2] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[3] *Id.*

level").[4] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[5] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[6]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[7]

The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[8] The complaint must include enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[9] Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[10]

Although Rule 12(d) of the Federal Rules of Civil Procedure requires the court to treat the motion as a Rule 56 motion when matters outside of the pleadings are presented and not excluded by the court, the Court may consider documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial

---

[4] *Twombly*, 550 U.S. at 555 (citation omitted).
[5] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[6] *Iqbal,* 556 U.S. at 678 (citation omitted).
[7] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[8] *Iqbal*, 556 U.S. at 678 (citation omitted).
[9] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).
[10] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).

notice in the Rule 12 analysis without converting the motion to a Rule 56 motion.[11]  In addition, the court may consider any documents attached to either the motion to dismiss or an opposition to that motion when the documents are referenced in the pleadings and are central to a plaintiff's claims.[12]  Significantly, when an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[13]

Before dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6), the court should allow an opportunity to amend.[14]  Indeed, unless it is clear that the plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[15]

### B. <u>Computation of Time</u>

Rule 6 expressly provides that every day, including Saturdays, Sundays, and legal holidays, are counted in computing time. Fed. R. Civ. P. 6(a)(1)(B).  When, however, the last day falls on

---

[11] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[12] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citations omitted); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir.2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc*., 925 F.3d 727 (5th Cir. 2019).

[13] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp*., 355 F.3d 370, 377 (5th Cir. 2004) (stating that if an allegation is contradicted by contents of an exhibit, the exhibit and not the allegation controls) (citing *Simmons v. Peavy–Welsh Lumber Co*., 113 F.2d 812, 813 (5th Cir. 1940)); *Thermo Credit, LLC v. Cordia Corp*., No. 12-1454, 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence) (citing *Assoc. Builders, Inc. v. Ala. Power Co*., 505 F.2d 97, 100 (5th Cir. 1974)).

[14] *See, e.g., Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.") (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted).

[15] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up).

a holiday, the period continues to run until the next day that is not a Saturday, Sunday or holiday. Fed. R. Civ. P. 6(a)(1)(C).

If Plaintiff received the EEOC's determination notice on March 1, 2022, her 90-day limitation period would have expired on Monday, May 30, 2022. Monday, May 30, 2022, was a federal holiday (i.e., Memorial Day). Because the 90th day after March 1, 2022, fell on the Memorial Day holiday, the deadline is extended by one day through Tuesday, May 31, 2022. However, Plaintiff did not file suit on Tuesday, May 31, 2022; she filed suit on Wednesday, June 1, 2022. Accordingly, her filing was one day after expiration of the 90-day period if that period began to run on March 1, 2022.

Plaintiff invokes Rule 6(b)'s excusable neglect standard to avoid the ramifications of a late filing. ECF No. 15 at 3. Courts may equitably toll Title VII's 90-day limitations period under certain circumstances.[16] Equitable tolling is allowed when (1) the plaintiff timely filed suit in the wrong forum; (2) the defendant intentionally concealed the facts giving rise to the lawsuit; (3) the EEOC misleads the plaintiff about his rights; or (4) plaintiff has actively pursued judicial remedies but filed a defective pleading.[17] Thus, while Title VII's 90-day limitations period is subject to equitable tolling in appropriate cases, the court's power to grant such relief is to be used only sparingly, and "does not extend to what is at best a garden variety claim of excusable neglect."[18]

---

[16] *Jones v. City of Houston*, 756 F. App'x 341, 348 (5th Cir. 2018) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95-96 (1990)).

[17] *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999)); *Melgar v. T.B. Butler Publ'g Co., Inc*., 931 F.3d 375, 380 (5th Cir. 2019) (noting that equitable tolling can excuse an untimely filing when the EEOC misleads the plaintiff about the nature of her rights); *Jones*, 56 F. App'x at 348 (noting that Title VII's 90-day limitations period may be equitably tolled); *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 881 (5th Cir. 2003) (equitable tolling may apply when the EEOC gives an individual incorrect information that leads the individual to file an untimely charge).

[18] *Russell v. Univ. of Tex. Health Ctr. at Tyler*, 993 F.2d 1544, 1544 (5th Cir. 1993) (quoting *Irwin v. Veterans Affs*., 498 U.S. 89, 96 (1990) (internal quotation marks omitted)).

In this case, the Court may not extend the filing deadline based on intermittent holidays as Plaintiff did not file suit on the day following a holiday.  Nor may the Court extend the deadline based on equitable tolling as Plaintiff has not articulated any factual basis to support anything more than garden-variety excusable neglect.

**C. <u>Title VII's Time Limitations</u>**

Title VII of the Civil Rights Act of 1964 prohibits covered employers from discriminating against any individual with respect to "terms, conditions, or privileges of employment, because of such individual's race."[19]  A plaintiff alleging discrimination claims must exhaust administrative remedies before filing suit.[20]  The filing of a timely EEOC charge is a statutory prerequisite to suit under Title VII.[21]  In addition, a plaintiff must file suit within 90 days of receipt of the EEOC's determination notice.[22]  The failure to file a charge of unlawful discrimination within the applicable time period bars a plaintiff from proceeding with a civil action.[23]

The 90-day limitation period is strictly construed, and it begins to run on the date that the EEOC right-to-sue letter is received.[24]  When the date on which a right-to-sue letter was actually received is either unknown or disputed, presumption of receipt within three to seven days of mailing is appropriate.[25]  Courts within the Fifth Circuit have found that a claimant's receipt of the EEOC's notice via email begins the 90-day limitation period.[26]

---

[19] 42 U.S.C. § 2000e-2(a)(1).
[20] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *see also Jones*, 756 F. App'x at 348 (citing 42 U.S.C. § 2000e-5(f)(1)) (per curiam).
[21] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).
[22] 42 U.S.C. § 2000e-5(f)(1).
[23]  *See, e.g., Jay v. Int'l Salt Co.*, 868 F.2d 179, 180 n.1 (5th Cir. 1989); *Cook v. Lee Coll.*, 798 F. Supp. 417, 420-21 (S.D. Tex. 1992).
[24] *Harrison v. Mayorkas*, No. 21-161, 2022 WL 2237135, at *2 (E.D. La. June 21, 2022) (Roby, M.J.) (citations omitted).
[25] *Stewart v. Smitty's Supply, Inc.*, No. 18-10058, 2020 WL 433362, at *2 (E.D. La. Jan. 28, 2020) (Vance, J.) (citing *Taylor*, 296 F.3d at 379-80).
[26] *See, e.g., Harrison*, No. 21-161, 2022 WL 2237135, at *2-3 (holding that 90-day limitation period began to run from receipt of EEOC email, even when the email was not read on that date); *Boyd v. Monroe City Hall*, No. 20-1473, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021) (holding that EEOC email of determination notice triggered 90 day

In this case, Plaintiff alleged that she received the EEOC's Determination Notice on March 1, 2022. That allegation is the sole basis for Defendant's Rule 12(b)(6) motion because Defendant argues that Plaintiff's June 1 filing is time barred because it was filed one day after expiration of her 90-day deadline. In Opposition, Plaintiff argues that her Complaint alleges receipt of the EEOC notice on 3/1/22 because that is the date written on the EEOC's determination notice. ECF No. 15, at 3. She attaches documents reflecting that she did not actually *receive* either the EEOC's email notice that its determination notice was placed on the portal or an email from the EEOC investigator with the determination notice until March 16, 2022. ECF No. 15-1, at 1, 2-3.

Although Plaintiff's allegation in her complaint is inconsistent with these attached documents, consistent with Fifth Circuit precedent, this Court may consider the documents attached to Plaintiff's opposition (specifically the documents regarding date of delivery of the EEOC determination letter) that are referent to the issue of when Plaintiff received the EEOC's determination notice in resolving Defendant's Rule 12(b)(6) motion without violating Rule 12(d).[27] The documents attached to Plaintiff's Opposition are referred to in the pleadings and central to a plaintiff's claim. Moreover, contrary to Defendant's assertion, this Court is not bound to accept Plaintiff's factual allegation when faced with inconsistent record evidence. Indeed, Fifth

---

period, even when email was deposited in plaintiff's spam folder); *Sloan v. Mem'l Hosp. at Gulfport*, No. 21-86, 2021 WL 2666858, at *3 (S.D. Miss. June 29, 2021) (refusing to reconsider dismissal where plaintiff alleged date of receipt of EEOC Notice), *appeal dismissed*, No. 21-60542, 2022 WL 2612530 (5th Cir. Mar. 31, 2022). Courts in other circuits are in accord. *Paniconi v. Abington Hosp.-Jefferson Health*, ___ F. Supp. 3d ___, No. 21-5384, 2022 WL 1634224, at *2 (E.D. Pa. May 24, 2022) (rejecting argument for 3-day grace period for EEOC notice of determination email attaching link to determination letter); *McNaney v. Sampson & Morris Grp., Inc*., No. 21-1809, 2022 WL 1017388, at *4 (W.D. Pa. Apr. 5, 2022) (rejecting argument that EEOC email and portal access should not be considered "notice" triggering 90-day limitation period); *Stewart v. Johnson*, 125 F. Supp. 3d 554, 560 (M.D.N.C. 2015) (citation omitted) (holding that "[f]inal agency decisions transmitted via email can satisfy the notice requirement," even where a duplicate was later received in the mail).
[27] *Lone Star Fund*, 594 F.3d at 387; *Walch*, 533 F.3d at 293–94; *Collins*, 224 F.3d at 498–99.

Circuit precedent is to the contrary and requires the Court to accept the documentary evidence over inconsistent factual allegations in the complaint.[28]

Even if consideration of the documents attached to Plaintiff's Opposition were not authorized by Rule 12(b)(6), this Court would be required to grant Plaintiff leave to amend her complaint before dismissing this case with prejudice under Rule 12(b)(6).[29]

## IV.   CONCLUSION

Although Plaintiff's *pro se* Complaint alleges that she received the EEOC's determination notice on March 1, 2022, the evidence submitted in Opposition indicates that the EEOC did not email her notice of the posting to its portal of its March 1, 2022, determination letter until March 16, 2022.  Based on a March 16, 2022, date, Plaintiff's June 1, 2022 filing is timely.  Further, even if consideration of the evidence attached to Plaintiff's opposition were not authorized, this Court would be obliged to grant Plaintiff leave to amend her complaint before dismissing it with prejudice under Rule 12(b)(6), which based on the documents provided, would enable her to allege receipt of the EEOC's determination notice on March 16, 2022, rendering her complaint timely.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 7) is DENIED.

New Orleans, Louisiana, this 26th day of September, 2022.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[28] *St. Luke's Episcopal Hosp.*, 355 F.3d at 377; *Simmons*, 113 F.2d at 813.
[29] *See, e.g., Brown*, 842 F. App'x at 949; *Mendoza-Tarango*, 982 F.3d at 402; *Dierlam*, 977 F.3d at 478 n.44; *Great Plains Tr. Co.*, 313 F.3d at 329; *Hale*, 642 F.3d at 503.